DAVID W. DRATMAN
Attorney at Law
State Bar No. 78764
601 University Avenue, Suite 145
Sacramento, CA 95825-6738
Telephone: (916) 443-2000
Facsimile:  (916) 443-0989
Email: dwdratman@aol.com

Attorney for Defendant
GAL YIFRACH

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>   v.<br><br>GAL YIFRACH, et al.,<br><br>   Defendants. | CASE NO.  2:22-CR-00046 WBS<br><br>STIPULATION CONTINUING STATUS CONFERENCE TO MARCH 17, 2025 AT 10:00 A.M. AND FOR EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT AND  ORDER |

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and remaining defendants Gal Yifrach and Shalom Ifrach, by and through their counsel of record, hereby stipulate as follows:

1.  By previous order, this matter was set for a status conference before this Court on March 3, 2025.

2.  By this stipulation, the parties stipulate that the status conference set for March 3, 2025 be continued to March 17, 2025.  The parties hereby stipulate to an exclusion of time between March 3, 2025, and March 17, 2025 under Local Code T4.

3.  The parties agree and stipulate, and request that the Court find the following:

   a)  The government has produced 143,264 pages of numbered discovery to defendants, which includes copies of documents and recordings; and, the government has

provided additional materials for production in discovery consisting of a number of electronic devices seized including phones, laptops and various external storage devices, as well as email accounts.

      b)      On January 16, 2025, the grand jury returned a superseding indictment, enlarging the dates of conduct alleged in Count One and charging two additional defendants.  As of this date, defendant Phuoc Tran has been arraigned and a status conference has been set for March 17, 2025 at 10:00 a.m. before this Court.   The undersigned are informed that Mr. Tran requires a Vietnamese interpreter; and, that March 17, 2025 was an available date for a Vietnamese interpreter.

      c)      Both defendants Yifrach and Ifrah have to be arraigned on the superseding indictment and additional discovery is expected to be provided by the government in due course relating to these allegations, which will need to be reviewed.

      d)      Counsel have also been investigating unresolved issues relating to the forfeiture allegations, for which additional time is necessary in light of the complex financial transactions involved in this matter.

      e)      Counsel for each defendant desires additional time to familiarize themselves with the case and review the voluminous discovery already received and expected to be produced, discuss the case with their respective clients and the attorney for the United States, to be arraigned on the superseding indictment, and otherwise prepare for trial, which includes consulting with one or more forensic experts, including a forensic accountant.

      f)      Counsel for the defendants believes that failure to grant the above-requested continuance would deny them the reasonable time necessary for effective preparation, taking into account the exercise of due diligence; and, their respective litigation commitments.

      g)      The government does not object to the continuance.

      h)      Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendants in a trial within the original date prescribed by the Speedy Trial Act.

      i)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

et seq., within which trial must commence, the time period of March 3, 2025, to **March 17, 2025, at 10:00 a.m.**, inclusive, is deemed excludable pursuant to 18 U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at the defendants' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendants in a speedy trial.

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: February 24, 2025

MICHELE BECKWITH
Acting United States Attorney

/s/ HEIKO PHILLIP COPPOLA
HEIKO PHILLIP COPPOLA
Assistant United States Attorney

/s/ ROGER YANG
ROGER YANG
Assistant United States Attorney

Dated: February 24, 2025

s/ DAVID W. DRATMAN
DAVID W. DRATMAN
Counsel for Defendant GAL YIFRACH

Dated: February 24, 2025

/s/ DAVID E. KENNER
DAVID E. KENNER
Counsel for Defendant
SHALOM IFRACH

**ORDER**

IT IS SO FOUND AND ORDERED.

Dated: February 25, 2025

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE