DAVID W. DRATMAN
Attorney at Law
State Bar No. 78764
601 University Avenue, Suite 145
Sacramento, CA 95825-6738
Telephone: (916) 443-2000
Facsimile:  (916) 443-0989
Email: dwdratman@aol.com

Attorney for Defendant
GAL YIFRACH

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO.  2:22-CR-00046 WBS |
|---|---|
| Plaintiff, | STIPULATION CONTINUING STATUS CONFERENCE TO JUNE 23, 2025 AT 10:00 A.M. AND FOR EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT AND ORDER |
| v. | |
| GAL YIFRACH, et al., | |
| Defendants. | |

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and remaining defendants, by and through their counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for a status conference before this Court on March 17, 2025.

2. By this stipulation, the parties stipulate that the status conference set for March 17, 2025 be continued to **June 23, 2025 at 10:00 a.m**. The parties hereby stipulate to an exclusion of time between March 17, 2025, and June 23, 2025 under Local Code T4.

3. The parties agree and stipulate, and request that the Court find the following:

    a) The government has produced 143,264 pages of numbered discovery to defendants Yifrach and Ifrach, which includes copies of documents and recordings; and, the government has provided additional materials for production in discovery consisting of a number

1  of electronic devices seized including phones, laptops and various external storage devices, as
2  well as email accounts.

3    b) On January 16, 2025, the grand jury returned a superseding indictment, enlarging
4  the dates of conduct alleged in Count One and charging defendants Phuoc Tran and Jesus
5  Cisneros-Sanchez.  The undersigned are informed that the government is in the process of
6  providing the voluminous discovery listed in paragraph 3a above to the attorneys for each of
7  these defendants.  The undersigned are informed that Mr. Tran requires a Vietnamese interpreter;
8  and, that June 23, 2025 is an available date for a Vietnamese interpreter to be present.

9    c) Both defendants Yifrach and Ifrah are being arraigned on the superseding
10 indictment on March 13, 2025 and additional discovery is expected to be provided by the
11 government in due course relating to these allegations, which will need to be reviewed.

12   d) Counsel for defendants Yifrach and Ifrach have also been investigating
13 unresolved issues relating to the forfeiture allegations, for which additional time is necessary in
14 light of the complex financial transactions involved in this matter.

15   e) Counsel for each defendant desires additional time to familiarize themselves with
16 the case and review the voluminous discovery already received and expected to be produced,
17 discuss the case with their respective clients and the attorney for the United States, to be
18 arraigned on the superseding indictment, and otherwise prepare for trial, which includes
19 consulting with one or more forensic experts, including a forensic accountant.

20   f) Counsel for the defendants believes that failure to grant the above-requested
21 continuance would deny them the reasonable time necessary for effective preparation, taking into
22 account the exercise of due diligence; and, their respective litigation commitments.

23   g) The government does not object to the continuance.

24   h) Based on the above-stated findings, the ends of justice served by continuing the
25 case as requested outweigh the interest of the public and the defendants in a trial within the
26 original date prescribed by the Speedy Trial Act.

27   i) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,
28 et seq., within which trial must commence, the time period of March 17, 2025, to June 23, 2025,

at 10:00 a.m., inclusive, is deemed excludable pursuant to 18 U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at the defendants' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendants in a speedy trial.

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: March 11, 2025  
MICHELE BECKWITH  
Acting United States Attorney  

 /s/ HEIKO PHILLIP COPPOLA  
 HEIKO PHILLIP COPPOLA  
 Assistant United States Attorney  

 /s/ ROGER YANG  
 ROGER YANG  
 Assistant United States Attorney  

Dated: March 11, 2025  
s/ DAVID W. DRATMAN  
DAVID W. DRATMAN  
Counsel for Defendant GAL YIFRACH  

Dated: March 11, 2025  
 /s/ DAVID E. KENNER  
 DAVID E. KENNER  
 Counsel for Defendant  
 SHALOM IFRACH  

Dated: March 11, 2025  
 /s/ CHRISTINA SINHA  
 CHRISTINA SINHA  
 Counsel for Defendant  
 PHUOC TRAN  

Dated: March 11, 2025  
 /s/ NICHOLAS F. REYES  
 NICHOLAS F. REYES  
 Counsel for Defendant  
 JESUS CISNEROS-SANCHEZ  

STIPULATION REGARDING EXCLUDABLE TIME  
PERIODS UNDER SPEEDY TRIAL ACT

**ORDER**

IT IS SO FOUND AND ORDERED.

Dated:  March 12, 2025

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE